UNITED STATES, Appellee

v

LARRY E. SMITH, Private First Class,
U. S. Marine Corps, Appellant

8 USCMA 400, 24 CMR 210

No. 10,564

Decided November 8, 1957

*Commander Charles Timblin,* USN, was on the brief for Appellant, Accused.

*Lieutenant Colonel Charles H. Beale, Jr.,* USMC, was on the brief for Appellee, United States.

## Opinion of the Court

PER CURIAM:

One of the specifications to which the accused pleaded guilty sets out a violation of Article 1271 (2), U. S. Navy Regulations, which prohibits "possession of any dangerous weapon." The specification was laid under Article 92, Uniform Code of Military Justice, 10 USC § 892.

The law officer's instructions on the maximum sentence described the offense as punishable by confinement for two years. This was error. In United States v Lowe, 4 USCMA 654, 16 CMR 228, we held that a substantially similar regulation was intended to apply to conditions "which are analogous to concealment." We pointed out that military personnel often possess dangerous weapons for legitimate purposes. A literal interpretation of the regulation would bring within its condemnation many persons having entirely proper possession of a dangerous weapon, such as a sentry or shore

400

patrolman on duty, or a cook working in the galley with a carving knife. This construction would be contrary to the apparent purpose of the regulation. Here, as in the *Lowe* case, therefore, the offense defined by the regulation is substantially that of possessing a weapon under circumstances which would violate Article 134 of the Uniform Code. Since the Table of Maximum Punishments (Manual for Courts-Martial, United States, 1951, paragraph 127c, Section A) lists a specific punishment for concealed weapons, Footnote 5 limits the punishment.[1] Accordingly, the decision of the board of review as to the sentence is set aside. The record of trial is returned to the board of review for reassessment of the sentence.

---

[1] Footnote 5 provides as follows: "The punishment for this offense [Violating a general order or regulation] does not apply in those cases wherein the accused is found guilty of an offense which, although involving a failure to obey a lawful order, is specifically listed elsewhere in this table."